Argued May 3, reversed May 18, 1966

# DIDIER *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

414 P. 2d 325

*Quintin B. Estell,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

*Burton H. Bennett,* Portland, argued the cause for respondent. On the brief were Franklin, Olsen, Bennett & Des Brisay and W. A. Franklin, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Denecke, Holman and Lusk, Justices.

GOODWIN, J.

The State Industrial Accident Commission appeals from a judgment allowing compensation to a widow whose claim had been rejected by the Commission on the ground that the deceased was not at the time of his fatal injuries a workman covered by the compensation law then in effect.

The decedent, for several years prior to 1953, had operated a welding and machine shop in Condon. In 1953, he sold his business building and moved his machinery and tools to his home. He worked thereafter as a diesel engineer for a federal agency, and occasionally did welding or mechanical work for pay in his shop at home. On October 15, 1963, one LaRue, a wholesale gasoline and fuel oil distributor, brought to the decedent's home a portable gasoline tank to be repaired. As in past transactions between the same parties, it was contemplated that the decedent would make the necessary repairs and invoice LaRue for a

lump-sum payment. In the course of making the repairs, the tank exploded and the decedent suffered fatal injuries.

At the time of this incident, LaRue was carried on the Commission's books as a covered employer within the meaning of the Workmen's Compensation Law. All of LaRue's oil-business employes thus were covered workmen. The decedent was neither a covered employer nor a covered employe under the law which then permitted certain self-employed persons to open an account with the Commission in order to obtain coverage for themselves. ORS 656.128.

The basis of the widow's claim in this case, which was rejected by the Commission but accepted by the court below, is that the decedent automatically became a covered employe of LaRue for the purposes of the statute when LaRue, being himself a covered employer, engaged the decedent to repair his tank.

The Commission contends that the widow's interpretation of the compensation law is inconsistent with the intent of the legislature, and that its general application would create a large number of potential claimants never contemplated by the statute and for whom no actuarial or funding provisions have been or could be made.

The only issue on appeal is the proper construction of the following statute:

> ORS 656.124 Status of workmen employed by contractor. "(1) If any person engaged in a business and subject to ORS 656.002 to 656.590 as an employer, in the course of such business, lets a contract involving the performance of labor, and such labor is performed by the person to whom the contract was let with the assistance of others, all persons engaged in the performance of the contract are deemed workmen of the person letting the con-

tract for the purposes of this section unless the person to whom the contract is let is regularly engaged in a business involving the occupation covered by the contract and has currently on file and in effect with the commission a statement or notice made under ORS 656.024, 656.034, 656.052 or subsection (2) of this section   *   *   *.

"(2) If the person to whom the contract is let performs the work without the assistance of others, he is subject to ORS 656.002 to 656.590 as a workman of the person letting the contract unless he and the person letting the contract jointly file with the commission a notice stating that the services rendered under the contract are rendered as those of an independent contractor.

"(3) The provisions of this section apply only if the occupation covered by the contract is a hazardous occupation as defined in ORS 656.082 to 656.086." (Repealed by Oregon Laws 1965, ch 285, § 95.)

■ Upon the facts given, the trial court confirmed the Commission finding that the decedent was at all material times an independent contractor. The trial court was nonetheless of the opinion that *Berry v. S.I.A.C.,* 238 Or 39, 393 P2d 184 (1964), required a holding that the decedent was a covered workman, because it was conceded that the notice referred to in subsection (2) had not been filed. We concur in the trial court's view that the decedent was an independent contractor. We do not agree, however, that merely because the decedent was engaged to perform services for the covered employer the decedent became a covered workman under the covered employer's account.

While the opinion in the *Berry* case did not disclose the nature of the services performed by Berry for the employer who contracted for his services, the briefs show that Berry was not operating a repair shop for the accommodation of the general pub-

lic. Berry was a tractor operator who had failed to obtain coverage on his own account under ORS 656.128 as a self-employed person. The stipulated facts in the *Berry* case included the statement that "Berry was engaged by Van Osten, in the course of * * * [Van Osten's logging] business, whereby Van Osten *let a contract* to Berry involving the performance of labor, and such labor was performed by Berry to whom *the contract was let,* and Berry performed this work without the assistance of others * * *." (Italics supplied.) 238 Or at 40.

The significant words in the stipulation in the *Berry* case, and words which reflected the legislative intent to cover certain contractors in hazardous industries, are words dealing with the "letting" of contracts "in the course of such business." In common parlance, one who leaves an implement with a repairman is not said to have "let a contract." It is also clear from the *Berry* case that the covered employer was letting a contract for a part of the work he was doing as his principal business. In such cases the legislature understandably would intend that the covered employer bring his contractors and their workmen under his own compensation coverage. This interpretation of the statute avoids a compensation hiatus that otherwise might occur in a number of hazardous industries in which the use of "independent" contractors is a common practice.

The trial court in effect applied the *Berry* case to bring under the compensation law the operator of any public repair shop whenever one of his customers might be a covered employer in the principal business in which the customer was engaged. While a strictly mechanistic reading of the *Berry* case might tend to support such a result, there is nothing in the history

or stated purposes of the Workmen's Compensation Law which would justify the inference that the Legislative Assembly intended such a result. No such haphazard type of coverage is afforded casual beneficiaries elsewhere in the compensation law.

■ When possible, legislation is to be construed so that it will carry out its revealed legislative purpose. If the legislative purpose is unclear from the language of the section under examination, courts are required to give to the section a meaning that comports with common sense and with the statutory scheme as a whole. As Learned Hand once said, speaking of "enacted law":

"* * * The duty of ascertaining its meaning is difficult enough at best and one certain way of missing it is by reading it literally, for words are such temperamental beings that the surest way to lose their essence is to take them at their face * * *." L. Hand, The Spirit of Liberty (Dilliard, 2d ed enl, 1953) at 157.

■ Construction should avoid inconsistent and unconscionable results. We believe that if the legislature had intended to bring repair-shop operators under the automatic coverage of the compensation law while they were working on equipment left by some of their customers but not while working on equipment left by their other customers, the legislature would have directed this remarkable expansion of the state compensation system by means of language conveying such an intention.

Other errors have been assigned, but in view of our holding that the court misconstrued the statute and that compensation must be denied in any event, they need not be noticed.

Reversed.