Argued May 12, reversed September 10, petition for
rehearing denied November 5, 1969

LEECH, *Respondent, v.* GEORGIA-PACIFIC
CORPORATION, *Appellant.*

458 P. 2d 438
460 P. 2d 359

*Wm. E. Flinn*, Eugene, argued the cause for appellant. On the briefs were Jaqua, Wheatley & Gardner, Eugene.

*John J. Haugh*, Portland, argued the cause for respondent. On the brief were Pozzi, Wilson & Atchison, and Tyler Marshall, Portland.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE, and HOLMAN, Justices.

GOODWIN, J.

An employer appeals a compensation award which treated the workman's 28-year-old invalid child as if she were a child under 18 years of age for the purposes of computing a widow's compensation.

There is no dispute about the facts. The deceased was fatally injured in an industrial accident. He left as survivors a widow and a totally dependent invalid daughter 28 years of age. Under ORS 656.204, compensation was awarded the widow at the rate of $110 per month. No allowance was made for the dependent child, because the child was more than 18 years of age. The widow has contested the award through the statutory administrative proceedings and in the circuit court. The court construed the statutes in her favor and allowed the widow an additional $25.00 per month for the duration of the dependency of the child and of the widow's eligibility under ORS 656.204.

The question for decision is whether a totally dependent invalid child who is more than 18 years of age, and who cannot receive compensation in her own right because there is a surviving widow, can be considered

as the equivalent of a child under 18 years of age for the purposes of computing the award to the widow.

In the state of Washington, which has a compensation law similar in many respects to our own, the statutes were amended in 1941 to provide relief in cases of the kind now before us. A similar legislative expression of intent in this state would have eliminated the problem in this case.

Our present statutory scheme allocates death benefits first to surviving spouse, if any, of the deceased workman.[1] If there is no surviving spouse, but one or more surviving children under 18 years of age, benefits are payable directly to such children until they reach the age of 18,[2] or, if any such child is physically or mentally handicapped and unable to work upon reaching the age of 18, he may continue to draw compensation so long as his disability continues.[3] Where there is a surviving spouse and one or more children under the age of 18, then the children are included in calculating the widow's payments.

A child over 18 who is an invalid, and who other-

---

[1] ORS 656.204(2) "If the workman is survived by a spouse, $110 per month shall be paid to the surviving spouse until remarriage. The payment shall cease at the end of the month in which the remarriage occurs. The surviving spouse also shall be paid $25 per month for each child of the deceased until such child becomes 18 years of age.

"* * * * *"

[2] ORS 656.204(4) "If the workman leaves neither wife nor husband, but a child under the age of 18 years other than one described in subsection (3) of this section, $70 per month shall be paid to each such child until he becomes 18 years of age." (Subsection (3) deals with children in custody of a divorced wife.)

[3] ORS 656.204(8) "If a child is an invalid at the time he becomes 18 years of age, the payment to him shall continue while he remains an invalid. If a person is entitled to payment because he is an invalid, payment shall terminate when he ceases to be an invalid."

wise qualifies under ORS 656.002(10)⁴ as a dependent, can receive payments in his own right under ORS 656.204(5);⁵ but when a widow survives, a child cannot qualify as a "dependent" to receive payments in his own right.

In the case at bar, the widow is the principal beneficiary, and her award is governed by ORS 656.204(2).

Given the ineligibility of the child to claim compensation in her own right, the trial court felt that the expression in ORS 656.204(8) of legislative concern for invalid children could be construed so as to avoid a hardship in this case.

The trial court was of the opinion that, for ORS 656.204(8) to have any practical meaning, it had to apply to payments to widows under ORS 656.204(2). But since payments to a child in a case in which a child is the principal beneficiary are covered by ORS 656.204(4), subsection (8) does have a practical appli-

---

④ ORS 656.002(10) " 'Dependent' means any of the following-named relatives of a workman whose death results from any injury and who leaves surviving no widow, widower or child under the age of 18 years: Invalid child over the age of 18 years, father, mother, grandfather, grandmother, stepfather, stepmother, grandson, granddaughter, brother, sister, half sister, half brother, niece or nephew, who at the time of the accident, are dependent in whole or in part for their support upon the earnings of the workman * * *."

⑤ ORS 656.204(5) "If the workman leaves neither widow, widower nor child under the age of 18 years, but leaves a dependent, a monthly payment shall be made to each dependent equal to 50 percent of the average monthly support actually received by such dependent from the workman during the 12 months next preceding the occurrence of the accidental injury, but the total payments to all dependents in any case shall not exceed $100 per month. If a dependent is under the age of 18 years at the time of the accidental injury, the payment to the dependent shall cease when such dependent becomes 18 years of age. The payment to any dependent shall cease under the same circumstances that would have terminated the dependency had the injury not happened."

cation to payments to beneficiaries under subsection (4). Payments to widows on account of indirect beneficiaries could have been covered in ORS 656.204(8), but were not.

■ We do not believe that subsection (8), when read in its context with the other subsections, is ambiguous. It is reasonable to assume, from ORS 656.204 as a whole, that the legislature intended that a person under 18 years of age, regardless of his state of health, should not receive any payments in his own right where a surviving widow is an eligible beneficiary. Since neither a healthy child under 18, nor an invalid child under 18, would be eligible for compensation in his own right so long as a widow survives, there would never be any "payments to" a child in such a case. It would thus appear that ORS 656.204(8) can apply only to a child who became eligible for death benefits in his own right because no spouse had survived the deceased workman.

A dependent child eligible for death benefits under ORS 656.204(5) has no need for ORS 656.204(8), but it does not follow that a child who does not qualify under subsection (5) was intended to be qualified as a secondary beneficiary in calculating the widow's payments.

Reasonable statutory construction to carry out indicated legislative intent is a proper judicial function. *Didier v. S.I.A.C.*, 243 Or 460, 414 P2d 325 (1966). But what we have here is a situation in which the legislative intent apparently was to cut off payments to widows on behalf of any child when that child reaches the age of 18. Another legislative intent was to treat adult invalid children, under certain circumstances, as beneficiaries in their own right.

The age of the invalid child would be immaterial if the deceased workman left no surviving spouse and no other children under the age of 18. In the case where the workman leaves a surviving spouse, or children under the age of 18, however, the legislature's only expressed intent toward dependent children over the age of 18 years is to relegate them to a secondary class. Such children may remain functionally dependent for many years after reaching the age of 18, but the present statutory scheme makes no more provision for them than it does for grandchildren or other classes of secondary beneficiaries listed in ORS 656.002(10).

■ We believe that the remedy for the hardship which has come to the attention of the administrators of the compensation law in this case is a proper subject for legislative study. While it may be possible for the courts to work out a method for relieving the hardship in this case, the statutory scheme as presently written does not readily lend itself to piecemeal judicial amendment. The way ORS 656.002(10) defines "dependents," we cannot affirm an enhanced compensation award for the widow in this case without creating a variety of new problems with reference to other classes of dependents.

Reversed.

O'CONNELL, J., dissenting.

I would adopt the dissenting opinion of Mr. Callahan, Chairman of the Workmen's Compensation Board, construing ORS 656.204(8) to include as a beneficiary a child over 18 years of age if the child is an invalid. Mr. Callahan expressed his views in the following opinion:

"Janice Leech is not a dependent under ORS

656.002(10) for the reason that in this case the deceased workman left a widow.

"The Hearing Officer places an erroneous interpretation on ORS 656.204(8) when, regarding the word 'continue,' he states that payments of compensation must have previously commenced. There is no requirement that payments of compensation must have begun prior to reaching age 18, and to construe such a requirement would nullify the basic purposes of the Workmen's Compensation Law.

"Children under age 18 are beneficiaries whether such a child is an invalid or not. There is no need to have a special provision for an invalid child under age 18.

"Subsection (8) is for the purpose of making a child over age 18 a beneficiary, if the child is an invalid, and as long as the child continues to be an invalid. *The payment to him shall continue while he remains an invalid.*

"Janice Leech, a 28 year old invalid child of Willis E. Leech, a deceased workman, is a beneficiary under Oregon Workmen's Compensation Law and entitled to compensation as a child while she remains an invalid."

I might add that it is not reasonable to assume that the legislature intended the construction put upon the Act by the opinion of the majority because leaving a widow or other children under 18 bears no relevance to whether a dependent child over 18 should be entitled to benefits. The judgment of the trial court should be affirmed.

SLOAN and HOLMAN, JJ., join in this dissent.

**ON PETITION FOR REHEARING**

John J. Haugh and Pozzi, Wilson & Atchison, Portland, for the petition.

Jaqua, Wheatley & Gardner, Eugene, contra.

PER CURIAM.

In a petition for rehearing, the plaintiff urges that we revise our opinion to provide that the portion

of the trial court's judgment awarding attorney fees be affirmed notwithstanding the reversal of the judgment on the merits. (The trial court had increased a widow's compensation $25.00 per month because of the presence in the family of an invalid child over the age of 18 years, and had awarded attorney fees in the sum of $1,500.) We held that the widow's statutory right to additional compensation on account of dependent children left by a deceased workman did not extend to compensation for children over the age of 18 regardless of their de facto condition of dependency. This holding reduced the trial court's award to the widow to the amount fixed by the board prior to the circuit court review. Under ORS 656.313, the widow was entitled to the payments of compensation at the rate ordered by the trial court during the pendency of the appeal to this court; and these payments are not refundable or subject to recapture in the event the judgment is reversed.

■ Because of the "vested" nature of the interim payments, the plaintiff now argues that the right to attorney fees based upon the circuit court judgment also became vested and not subject to the usual consequences of reversal upon appeal. This argument cannot be sustained in reason or precedent.

The attorney fees were awarded in the circuit court pursuant to ORS 656.386(1), which makes such an award contingent on the claimant's prevailing in an appeal to the circuit court from a board order denying a claim. When the circuit court is reversed, the board order is restored (except for interim payments specifically placed beyond recapture). The circuit court judgment in effect becomes a nullity, and it would seem inappropriate to allow attorney fees that

had been awarded on the basis of a successful judicial review to survive the reversal of that judicial review. It was our intent, in announcing the reversal of the trial court's judgment, to reverse it in its entirety, including the award of attorney fees.

Petition denied.