Argued September 9, reversed with instructions
November 5, 1969

STATE ex rel MALLICOAT, *Appellant, v.*
COE, *Respondent.*
460 P. 2d 357

*Wayne M. Thompson,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs was Robert Y. Thornton, Attorney General, Salem.

*Duane R. Ertsgaard,* Salem, argued the cause for respondent. On the brief were Gary D. Gortmaker, District Attorney, Salem, and Don W. Schussler, Deputy District Attorney, Salem.

SLOAN, J.

The state, by its Director of the Division of State Lands, seeks a mandatory order compelling the county treasurer of Marion county to deliver to the state as abandoned property certain unclaimed school bond redemption funds held by defendant. The trial court sustained a demurrer to the alternative writ. Plaintiff appeals.

On December 1, 1935, Salem School District 24CJ issued a serial school district bond for the face value of $1,000. The bond bore a maturity date of December 1, 1946. It has never been presented for payment. Defendant holds the redemption fund pursuant to ORS 328.260(2), which provides:

"The funds derived from such tax levies shall be retained by the county treasurer or county fiscal officer without being paid to the school district or to any officer thereof, and shall be kept by him in a separate fund to be known as and designated 'School District No. — Bond Interest and Sinking Fund,' which shall be irrevocably pledged to and used solely for the payment of the interest accruing on and the principal of the bonds when due, so long as any of the bonds or the coupons thereto appertaining remain outstanding and unpaid. The interest earnings of such fund shall be credited thereto and become a part thereof. For

failure to retain and account for such funds, as provided in this section, the county treasurer shall be liable upon his official bond."

■ The state bases its right to the fund on the provisions of the Uniform Disposition of Unclaimed Property Act, ORS 98.302 et seq. The Act is too long to set out in full. It provides that all private and public holders of property that is presumed abandoned, as defined in the several sections of the statute, shall deliver the same to plaintiff for safekeeping and for ultimate delivery to the owner of the property should he ever appear. It is not an escheat statute. The property received by plaintiff is paid into the Common School Fund Account. Provision is made for the publication of notice for the purpose of finding the true owner of the property and for the owner to redeem it by a comparatively simple process. Specific provision is made for property in the custody of banks, insurance companies and other financial institutions. The statute we are confronted with here relates to property held by public officials. That section, ORS 98.336, provides:

"All intangible personal property held for the owner by any court, public corporation, public authority, or public officer of this state, or a political subdivision thereof, that has remained unclaimed by the owner for more than seven years is presumed abandoned."

ORS 98.366 relieves the holder, including defendant, of any abandoned property from any liability in respect thereto following the delivery of the property to the state.

Defendant advances three arguments for his right to retain the fund. The first is that ORS 328.260(2) and ORS 98.336 are in conflict and that the specific

statute, ORS 328.260(2) prevails over the more general uniform act. We do not find merit in the argument. It appears to us that the abandoned property act was intended to apply to any holder, public or private, of property found to be abandoned. In addition to the specific provisions of ORS 98.336, ORS 98.302(8) in defining a "person" as including any governmental or political subdivision or public authority or officer reflects that the Act was intended to include any abandoned property held by any such "person." And, as mentioned, ORS 98.366 relieves defendant of any liability after surrender of the property to the state.

■■ A second argument is that the application of the uniform act to the fund in question would constitute an unconstitutional impairment of contract. This is equally without merit. A change in remedy only is held not to be impairment. *Home Building & Loan Asso. v. Blaisdell,* 1933, 290 US 398, 54 S Ct 231, 78 L ed 413; *El Paso v. Simmons,* 1965, 379 US 497, 85 S Ct 577, 13 L ed2d 446. In this situation the bondholder is only required to go to a different office in order to redeem his bond.

■ The difficult question is to decide what is abandoned property. ORS 98.336 provides it shall be presumed abandoned when it has been unclaimed for seven years. Defendant claims that the seven year period cannot begin to run until a demand for the fund is made by some reputed owner. The contention appears to find some support in *Racing Com. v. Multnomah Kennel Club,* 1966, 242 Or 572, 411 P2d 63. There we held that a winning pari-mutuel racing ticket is a demand instrument and must be presented for payment before the seven year period began to run. In reaching that conclusion we were interpreting ORS

98.342, the omnibus or "catch-all" section of the uniform act, which provides:

"All intangible personal property, not otherwise covered by this Act, including any income or increment thereon and deducting any lawful charges, that is held or owing in this state in the ordinary course of the holder's business and has remained unclaimed by the owner for more than seven years after it becomes payable or distributable is presumed abandoned."

This case is readily distinguishable from the *Kennel Club* case. It appears evident to us that ORS 98.342 does not apply to the fund in question. Funds governed by ORS 98.342 include the limitation not found in ORS 98.336, that the fund must remain unclaimed after it becomes payable or distributable. The *Kennel Club* decision held that the pari-mutuel tickets were not payable until a demand had been made. Here we have a fund governed by a specific statute, ORS 98.336, as a fund held by a public officer. Such a fund became abandoned when it "has remained unclaimed by the owner for more than seven years  *  *  *." The fund could have been claimed at the maturity of the bond and this is the only determination to be made to raise the presumption that the property has been abandoned. In the instant case the fund has remained unclaimed since December 1, 1946. The owner of the bond could have claimed payment at any date thereafter. See *Irvine v. Bossen,* 1944, 25 Cal2d 652, 155 P2d 9; *Evangeline Parish Sch. Bd. v. Kansas City Life Ins. Co.,* (5 CCA 1946) 153 F2d 611.

We hold, therefore, that the fund in question is abandoned property and should be delivered to plaintiff. The case is reversed with instructions to issue the peremptory writ.