Argued August 20, affirmed September 23, reconsideration allowed October 22, former opinion adhered to October 30, petition for review denied November 26, 1974

JONES, *Appellant, v.* STEVE
WILSON CO. (No. 73-1008-L), *Respondent.*
526 P2d 610

*Robert H. Grant,* Medford, argued the cause for appellant. With him on the brief were Grant & Ferguson, Medford.

*Patrick Ford,* Medford, argued the cause for respondent. With him on the brief were Ford & Cowling, Medford.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

PER CURIAM.

This is a workmen's compensation case. Claimant had received a compensable injury award of 143 degrees (15 degrees for a left leg and 128 degrees unscheduled disability) which was affirmed by this court in *Jones v. Steve Wilson Co.*, 10 Or App 7, 498 P2d 387 (1972). Claiming an aggravation of his previous condition, he requested a hearing in this present proceeding seeking an award of permanent total disability. The hearing officer allowed his claim of permanent total disability. On review the Workmen's Compensation Board concluded that claimant had suffered an aggravation, but not to the extent of permanent total disability. The Board then reversed the award of permanent total disability and increased claimant's permanent partial unscheduled award of 128 degrees by 64 degrees, making a total of 192 degrees. The circuit court affirmed the Board. The claimant appeals, contending he is entitled to a permanent total disability award.

■ In our de novo review we agree with the Board and the court, and find that claimant suffered an aggravation, but not sufficient to justify an award of permanent total disability. We adopt the following from the trial court's order:

"* * * * *

"Dr. Luce's report, which stands unrebutted, indicates some rather minor changes since the claimant suffered his compensable injury. Dr. Luce further relates these changes to the accident of February 25, 1969. A careful reading of Dr. Luce's

report, however, does not justify an award for permanent total disability. It does appear, however, that the Board's increase of award by twenty percent [64 degrees], to a total of one hundred ninety-two degrees, is proper.

"* * * * *"

■ Claimant also claims he is entitled to an award of attorney fees under ORS 656.386. The statute provides for attorney fees where claimant prevails. *Leech v. Georgia-Pacific Corp.*, 254 Or 351, 359, 458 P2d 438, 460 P2d 359 (1969). Claimant did not prevail and the trial court's denial of attorney fees was proper.

Affirmed.