Argued December 23, affirmed December 27, 1976

SCHOOL DISTRICT NO. 1, MULTNOMAH
COUNTY, *Respondent—Cross-Appellant,*
*v.*
PORTLAND ASSOCIATION OF TEACHERS,
*Appellant—Cross-Respondent.*
(No. A76-09-12338, CA 7276)

558 P2d 362

*Edward P. Heid,* Eugene, argued the cause for appellant—cross-respondent. With him on the briefs was Kulongoski, Heid, Durham & Drummonds, Eugene.

*Mark C. McClanahan,* Portland, argued the cause for respondent—cross-appellant. With him on the brief were Donna M. Cameron, and Miller, Anderson, Nash, Yerke & Wiener, Portland.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

PER CURIAM.

## PER CURIAM.

In this case we agree with the opinion of the trial judge and adopt it as our own:

"\* \* \* \* \*

"In this suit for declaratory relief the plaintiff School District asks inter alia the Court to decree the first Monday in February is not a 'legal school holiday.' In turn, the defendant Portland Association of Teachers urges to the contrary.

"Prior to 1969, ORS 187.020 provided in part:

" 'In addition to those specified in ORS 187.010, the following days are legal holidays in this state:

" '(1) Lincoln's Birthday on February 12,

" '(2) Washington's Birthday on February 22, \* \* \*.'

"ORS 336.010, which was last amended in 1965, provides:

" 'School month; holidays; teachers' holiday pay; Saturday instruction. (1) The common school month consists of 20 days.

" '(2) No pupil shall be required to attend school on any Saturday or on any legal school holiday.

" '(3) Days on which an election is held throughout the state shall be school holidays only for such schools in which the sole schoolroom is used for election purposes.

" '(4) The 12th, 14th and 22nd days of February and the 12th day of October shall not be school holidays, but a portion of the days shall be set apart and observed in the public schools by appropriate activities.

" '(5) No teacher shall be required to teach on any Saturday, except as provided in the terms of the teacher's employment, or on any legal school holiday. When a holiday occurs on what would otherwise be a school day, teachers shall be allowed full pay for the holiday.

" '(6) No subject required for graduation shall be taught on Saturday only.'

"In 1969 the legislature amended ORS 187.020 to provide in effect that Lincoln's Birthday should be

[ 941 ]

celebrated on the first Monday in February and Washington's Birthday should be celebrated on the third Monday in February. Since 1969 the plaintiff and defendant assumed that the first and third Mondays in February were not 'legal school holidays', and in the agreements between the School District and the Association, the bargaining agent for the teachers in the district, the first Monday in February has been recognized as a teaching day. The third Monday in February has been a negotiated paid holiday. The defendant is now asserting that since ORS 336.010 was not amended to conform with ORS 187.020, the first Monday in February is not exempted as a legal school holiday and, therefore, pupils cannot attend school and teachers cannot be required to teach on that day. The position of the defendant is supported by an opinion of the Attorney General dated March 10, 1976 (Opin. Atty. Gen. 7267).

"If the contention of the defendant is correct, on the first and third Mondays in February pupils and teachers will celebrate the births of Presidents Lincoln and Washington by means of school holidays. On February 12 and February 22, pupils and teachers will again pay homage to those presidents by 'appropriate activities'. In 1977 President Washington will be remembered on February 21 (the third Monday, a legal holiday), and upon the following day with 'appropriate activities'. Common sense compels this Court to conclude the legislature did not intend such an absurd result.

"Our Supreme Court has announced as a rule of statutory construction '. . . courts are required to give a section a meaning that comports with common sense and with the Statutory scheme as a whole.' (*Didier v. SIAC*, 243 Or. 460, at 465 [Didier v. S.I.A.C., 243 Or 460, 414 P2d 325 (1966)].)[1] In the same decision the Court quoted with approval the following passage from 'The Spirit of Liberty', L. Hand, (Dilliard, 2d ed. enl., 1953):

" '. . . The duty of ascertaining its meaning is difficult enough at best and one certain way of missing it is by

[1] To the same effect, *see Johnson v. Star Machinery Co.,* 270 Or 694, 530 P2d 53 (1974), which states at 706:

"* * * [I]t is the legislative intent which controls. When such intent is manifest the courts must give it effect, even though to do so does violation to the literal meaning of its words * * *."

*See also State v. Irving,* 268 Or 204, 206, 520 P2d 354 (1974).

reading it literally, for words are such temperamental beings that the surest way to lose their essence is to take them at their face . . .'

"The dates February 12 and February 22 have no special significance unless they represent the birthdays of two former presidents. February 12 and February 22, as those dates are employed in ORS 336.010, are, therefore, synonymous with 'Lincoln's Birthday' and 'Washington's Birthday' respectively. Because the legislature has determined that Lincoln's Birthday will be celebrated on the first Monday in February and Washington's Birthday will be celebrated on the third Monday in February, ORS 336.010(4) should be construed as though it read 'Lincoln's Birthday . . . Washington's Birthday . . . shall not be school holidays . . .' The first Monday in February is not, therefore, a 'legal school holiday', and pupils may attend school and teachers may be required to teach on that day without doing violence to ORS 336.010.

"* * * * *"

Affirmed.