Dear Mr. Koupal:
This opinion is in response to your question asking:
 Does Article 9, Section 5 of the Missouri Constitution govern the disposition of all abandoned property delivered to the State of Missouri pursuant to Chapter 447 RSMo Uniform Disposition of Unclaimed Property?
Missouri's Uniform Disposition of Unclaimed Property Act, Sections 447.500 through 447.585, RSMo 1986 ("the Act"), which became effective August 13, 1984, is a substantial replication of the major provisions of the Uniform Disposition of Unclaimed Property Act (1966 revision), 8A U.L.A. 135, promulgated by the National Conference of Commissioners on Uniform State Laws. It establishes a scheme whereby persons holding unclaimed property belonging to another are required to deliver such property to the state, which becomes the custodian thereof in perpetuity, subject to the right of the owner at any time thereafter to present his claim to the state and recover his property. The provisions of the Act are administered by the director of the Department of Economic Development ("the director").
Specific provisions in the Act require that abandoned moneys be paid to the state treasurer and all other abandoned property be delivered to the director. Section 447.543.1. All abandoned property delivered to the director is to be sold by him within one year after such delivery. Section 447.558.1. The proceeds from the sale of abandoned property are to be delivered to the state treasurer for deposit in the abandoned funds account. Section 447.558.4.
Subsection 2 of Section 447.543 provides in relevant part as follows:
 The treasurer shall . . . cause such funds to be deposited in the special account known as the "Abandoned Fund Account", which is hereby created. The abandoned fund account created by this section shall be the successor account to the abandoned fund account previously in the state treasury and all funds in such accounts on August 13, 1984, shall be transferred to the abandoned fund account created by this section. . . . From this account the treasurer shall make prompt payment of claims duly allowed by the director as hereinafter provided. At any time when the balance of the account exceeds fifty thousand dollars, the treasurer may, and at least once every fiscal year shall, transfer to the general revenue of the state of Missouri the balance of the abandoned fund account which shall exceed fifty thousand dollars. Should any claims be allowed or refunds ordered which reduce the balance to less than twenty-five thousand dollars, the treasurer shall transfer from the general funds of the state an amount which is sufficient to restore the balance to fifty thousand dollars.
Article IX, Section 5, Constitution of Missouri, provides in relevant part as follows:
 [T]he net proceeds of all sales of lands and other property and effects that may accrue to the state by escheat, shall be paid into the state treasury, and securely invested under the supervision of the state board of education, and sacredly preserved as a public school fund the annual income of which shall be faithfully appropriated for establishing and maintaining free public schools, and for no other uses or purposes whatsoever. [Emphasis added.]
Thus, it appears that the essence of your inquiry is whether abandoned money and other property delivered to the state pursuant to the requirements of the Act accrue to the state "by escheat" within the meaning of Article IX, Section 5 of the Constitution.
"[Escheat is] a procedure with ancient origins whereby a sovereign may acquire title to abandoned property if after a number of years no rightful owner appears." State of Texas v.State of New Jersey, 379 U.S. 674, 85 S.Ct. 626, 627[1],13 L.Ed.2d 596 (1965). When the state takes property by escheat, its position is like that of an ultimate distributee, in default of other statutory distributees. Jacobs v. Leggett,295 S.W.2d 825, 830[4] (Mo.banc 1956). Title to the escheated property vests in the state. State ex inf. Kell v. Buchanan,210 S.W.2d 359, 362[4] (Mo. 1948); Section 470.230, RSMo 1986. Property may escheat to the state under the circumstances described in the general escheat statutes, Sections 470.010
through 470.260, RSMo 1986, and under other specific statutes as, for example, Sections 470.270 through 470.350, 474.010,475.325, 456.640 through 456.650, 630.320, and 141.580, RSMo 1986.
It is our opinion that abandoned money and other property does not accrue to the state "by escheat" when it is delivered to the state pursuant to Sections 447.500 through 447.585. The Prefatory Note to the Uniform Disposition of Unclaimed Property Act, 8A U.L.A. 135, 136-137, contains the following pertinent comments:
 The Uniform Act is custodial in nature — that is to say, it does not result in the loss of the owner's property rights. The state takes custody and remains the custodian in perpetuity. Although the actual possibility of his presenting a claim in the distant future is not great, the owner retains his right of presenting his claim at any time, no matter how remote. State records will have to be kept on a permanent basis. In this respect the measure differs from the escheat type of statute, pursuant to which the right of the owner is foreclosed and the title to the property passes to the state. Not only does the custodial type of statute more adequately preserve the owner's interests, but, in addition, it makes possible a substantial simplification of procedure.
The foregoing explanation of the Uniform Act has received universal affirmation by the courts in the adopting states. SeeBank of America National Trust and Savings Association v.Cory, 210 Cal.Rptr. 351, 355[1] (Cal.App. 1985):
 The California UPL is not a true escheat statute; rather, it has dual objectives: (1) to reunite owners with unclaimed funds or property, and (2) to give the state, rather than the holder, the benefit of the use of unclaimed funds or property. . . . The state, through the Controller, acts as the protector of the rights of the true owner.
State ex rel. Marsh v. Nebraska State Board of Agriculture,350 N.W.2d 535, 539[3] (Neb. 1984):
 [T]he uniform act is distinct from escheat laws and the State acquires no greater property right than the owner. The State may assert the rights of the owners, but it has only a custodial interest in property delivered to it under the act.
State ex rel. Baker v. Intermountain Farmers Association,668 P.2d 503, 505 (Utah 1983):
 Instead of providing for escheat (transfer of ownership) of property to the State, which requires cumbersome procedures and raises constitutional doubts, the Unclaimed Property Act "is custodial in nature." . . . When funds or property have been held long enough to be presumed abandoned, their holder reports them and then pays them over to the State, which "takes custody and remains the custodian in perpetuity."
South Carolina Tax Commission v. York Electric Cooperative,Inc., 270 S.E.2d 626, 628 (S.C. 1980):
 The primary purpose of the present Uniform Act is not to raise revenue, but has been correctly described as custodial in nature. It does not result in the loss of the owner's rights in the property. The State simply takes custody of the unclaimed property and remains the custodian in perpetuity, keeping records on a permanent basis because of the fact that the owner retains the right to present his claim to the property at any time, no matter how remote. It is, therefore, not an escheat type of statute, under which the right of the owner is foreclosed and title passes to the State.
United States v. State of Alabama, 434 F. Supp. 64, 67[2] (M.D.Ala. 1977):
 [T]he Alabama Uniform Disposition of Unclaimed Property Act provides a simplified method whereby the state may take possession of abandoned property, holding it until the rightful owner claims it. As the drafters of the Alabama act note, the Uniform Disposition of Unclaimed Property Act is not an escheat statute. Rather, the state merely becomes the custodian of the property in the unlikely event that the owner should eventually claim it.
Boswell v. Citronelle-Mobile Gathering, Inc., 294 So.2d 428,432[5] (Ala. 1974):
 [The appellee] argues that the Uniform Disposition of Unclaimed Property Act is an escheat act, and since an escheat act works a forfeiture, it is to be strictly construed. We do not agree with counsel's premise that the Act constitutes an escheat Act.
State ex rel. Mallicoat v. Coe, 460 P.2d 357, 358[1] (Ore. 1969):
 [The Uniform Act] provides that all private and public holders of property that is presumed abandoned, as defined in the several sections of the statute, shall deliver the same to [the state] for safekeeping and for ultimate delivery to the owner of the property should he ever appear. It is not an escheat statute.
Friar v. Vanguard Holding Corp., 509 N.Y.S. 374, 376 (App.Div. 198 6); and People ex rel. Callahan v. Marshall Field Company, 404 N.E.2d 368, 371 (Ill.App. 1980).
CONCLUSION
It is the opinion of this office that the disposition of abandoned property delivered to the state pursuant to Missouri's Uniform Disposition of Unclaimed Property Act, Sections 447.500
through 447.585, RSMo 1986, is governed by the provisions of that Act, and is not subject to the provisions of Article IX, Section 5 of the Missouri Constitution.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General