Dear Mr. Koupal:
This opinion is in response to your question asking:
 Does Chapter 447 RSMo govern the disposition of unreturned cash bonds currently being held by circuit courts through the State?
You have provided additional information from which it is evident that "unreturned cash bond" is intended to mean money deposited as a cash bond during the course of legal proceedings which the depositor has an unconditional right to reclaim because the condition of the bond has been fulfilled.
Sections 447.500 through 447.585, RSMo 1986, comprise Missouri's Uniform Disposition of Unclaimed Property Act ("the Act"), which became effective August 13, 1984. The Act is a substantial replication of the major provisions of the Uniform Disposition of Unclaimed Property Act (1966 revision), 8A U.L.A. 135, promulgated by the National Conference of Commissioners on Uniform State Laws. It establishes a scheme whereby persons holding unclaimed property belonging to another are required to deliver such property to the state, which becomes the custodian thereof in perpetuity, subject to the right of the owner at any time thereafter to present his claim to the state and recover his property. The provisions of the Act are administered by the director of the Department of Economic Development.
Section 447.532, RSMo 1986, which is identical to § 8 of the Uniform Act, 8A U.L.A. at 171, provides as follows:
 All intangible personal property held for the owner by any court, public corporation, public authority, or public officer of this state, or a political subdivision thereof, that has remained unclaimed by the owner for more than seven years is presumed abandoned.
The term "intangible personal property" is not defined in either the Uniform Act or Missouri's version of it. However, the Commissioners' Comment to § 9 of the Uniform Act, 8A U.L.A. at 173, indicates that "intangible personal property" will encompass a wide variety of items,
 including, by way of illustration, money, stocks, bonds, certificates of membership in corporations, securities, bills of exchange, deposits, interest, dividends, income, amounts due and payable under the terms of insurance policies not covered by section 4, pension trust agreements, profit-sharing plans, credit balances on paid wages, security deposits, refunds, funds deposited to redeem stocks, bonds, coupons and other securities, or to make a distribution thereof[.]
Consonant with the foregoing Comment, the courts in other Uniform Act states have construed "intangible personal property" to include such diverse items as unclaimed salaries, wages and commissions, Treasurer and Receiver General v. John HancockMutual Life Insurance Company, 446 N.E.2d 1376 (Mass. 1983), and State v. Pacific Far East Line, Inc., 68 Cal.Rptr. 67
(Cal.App. 1968); unclaimed medical, surgical and hospital benefits, Revenue Cabinet v. Blue Cross and Blue Shield ofKentucky, Inc., 702 S.W.2d 433 (Ky. 1986), and Blue Cross ofNorthern California v. Cory, 174 Cal.Rptr. 901 (Cal.App. 1981); unclaimed life insurance proceeds and accident and health insurance benefits, Treasurer and Receiver General v. John HancockMutual Life Insurance Company, supra; unclaimed insurance premium refunds, Revenue Cabinet v. Blue Cross and Blue Shieldof Kentucky, Inc., supra; unclaimed utility refunds, Cory v.Public Utilities Commission, 658 P.2d 749 (Cal. 1983); unredeemed gift certificates and credit memoranda, People exrel. Callahan v. Marshall Field Company, 404 N.E.2d 368
(Ill.App. 1980); unclaimed assets of a dissolved corporation held for distribution to shareholders, In re Monks Club, Inc.,394 P.2d 804 (Wash. 1964); unclaimed oil royalties, Boswell v.Citronelle-Mobile Gathering, Inc., 294 So.2d 428 (Ala. 1974); unclaimed residuals payable to entertainers, Screen ActorsGuild, Inc. v. Cory, 154 Cal.Rptr. 77 (Cal.App. 1979); and unclaimed school bond redemption funds, State ex rel. Mallicoatv. Coe, 460 P.2d 357 (Ore. 1969).
Based on the foregoing, we conclude the unreturned cash bonds are "intangible personal property" for purposes of Section447.532. Pursuant to that section, a bond that remains unclaimed for more than seven (7) years after the depositor became entitled to reclaim such bond is presumed abandoned.
Conclusion
It is the opinion of this office that money deposited as a cash bond during the course of legal proceedings is "intangible personal property" within the meaning of Section 447.532, RSMo 1986, and will become abandoned property subject to the provisions of Sections 447.500 through 447.585, RSMo 1986, if such money remains unclaimed for more than seven (7) years after the depositor became entitled to reclaim such money by reason of the fulfillment of the condition of the bond.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General