A05A2256. SIMON PROPERTY GROUP, INC. et al. v. BENSON et al.

(628 SE2d 697)

MIKELL, Judge.

We granted Simon Property Group, Inc., and Simon Property Group, L.P.'s (collectively, "Simon") application for interlocutory appeal of the trial court's order denying their motion to dismiss the complaint of Betty Benson and others[1] ("plaintiffs") for alleged violations of the Disposition of Unclaimed Property Act ("the DUPA"),

---

[1] The other named plaintiffs are Andrea Nay-Richardson, June Dunham, Marianne Tobin, and Robert Tobin.

OCGA § 44-12-190 et seq. We conclude that the DUPA does not apply to the property at issue because it has not been abandoned. Therefore, we reverse the judgment of the trial court.

A ruling on a motion to dismiss is reviewed de novo.[2] Further,

> [w]hen the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for which relief may be granted, the rules require that it be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed.[3]

In the case at bar, when the allegations in the complaint are construed under the proper standard, they show with certainty that plaintiffs would not be entitled to relief under any provable facts.

According to the complaint, Simon owns and manages shopping malls and either sells, or has sold, gift certificates and gift cards at those malls. Beginning in the seventh month after issuance, each certificate and card is assessed a $2.50 nonuse or "dormancy" fee per month, and the cards and certificates expire approximately one year after purchase. Plaintiffs, recipients and purchasers of Simon gift cards and certificates, allege that they suffered monetary losses through the expiration of these items and the imposition of dormancy fees. Plaintiffs contend that Simon's actions violate the DUPA, specifically OCGA § 44-12-205, which provides in pertinent part: "A gift certificate . . . issued in the ordinary course of an issuer's business which remains unclaimed by the owner for more than five years after becoming payable or distributable is presumed abandoned"; and "the amount presumed abandoned is the price paid by the purchaser for the gift certificate."[4] Plaintiffs argue that an electronic gift card is a gift certificate within the meaning of the DUPA, so that the same rules apply to gift cards and gift certificates. The complaint alleges that Simon violated OCGA § 44-12-205 (b) by taking a dormancy fee of $2.50 per month after seven months and taking the entire value of the card after approximately one year. Plaintiffs contend that under this statute, the entire unused balance must remain on the cards and

---

[2] *BankWest v. Oxendine*, 266 Ga. App. 771, 776-777 (3) (598 SE2d 343) (2004).

[3] (Citation and punctuation omitted.) *Cobb County v. Jones Group P.L.C.*, 218 Ga. App. 149, 152 (2) (460 SE2d 516) (1995).

[4] OCGA § 44-12-205 (a), (b).

certificates for a period of five years, at which time the full value of the items must be paid to the state to hold for the owner.

Plaintiffs further assert that the expiration dates violate OCGA § 44-12-226, which provides that the expiration of contractual and statutory limitation periods does not affect the holder's obligation to turn the property over to the state.[5] Plaintiffs allege that under this Code section, Simon may not impose an expiration date that runs before the abandonment period as a way to take title to their property. Their four-count complaint alleges that the expiration dates and dormancy fees constitute an illegal contract; that Simon's actions in assessing the fees, imposing expiration dates, and in failing to disclose the fees and expiration dates are unconscionable; that Simon has been unjustly enriched thereby; and that Simon has breached its duty of good faith and fair dealing. Plaintiffs further assert that any fee imposed by Simon to reissue the items after they expire violates state law and public policy.[6] Plaintiffs seek to recover from Simon "all amounts wrongfully collected and improperly retained by [Simon], plus interest thereon."

Simon filed a motion to dismiss the complaint under OCGA § 9-11-12 (b) (6) for failure to state a claim upon which relief may be granted. Simon argued, inter alia, that plaintiffs lack standing to maintain the suit because only the state revenue commissioner is empowered to sue property holders for violating the DUPA; that the property at issue is not subject to the DUPA because the conditions leading to a presumption of abandonment have not been satisfied; and that the DUPA does not prohibit charging dormancy fees or imposing expiration dates on gift cards or gift certificates. The trial court denied the motion, holding that plaintiffs had stated a claim against Simon for violating the DUPA. The court further held that, although the DUPA does not expressly grant a private right of action to individuals, various state statutes permit plaintiffs to recover their money.[7] The court granted a certificate of immediate review, and we granted Simon's application for interlocutory appeal.

To understand OCGA §§ 44-12-205 and 44-12-226 in context, we provide an overview of the DUPA. The Georgia DUPA is based on the

---

[5] OCGA § 44-12-226 provides:
The expiration . . . of any period of time specified by contract, statute, or court order during which a claim for money or property can be made or during which an action or proceeding may be commenced or enforced to obtain payment of a claim for money or to recover property, does not prevent the money or property from being presumed abandoned nor affect any duty to . . . pay or deliver abandoned property to the commissioner.

[6] Simon's answer states that after a gift card expires, the owner may transfer any remaining value to a new card by paying a reissue fee of $7.50.

[7] OCGA §§ 51-1-6; 13-8-1; 44-12-21.

Uniform Disposition of Unclaimed Property Act ("Uniform Act").[8] The General Assembly has instructed us that "[the DUPA] shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it."[9] It is generally recognized that unclaimed property laws are designed "to protect the interests of owners, to relieve the holders from annoyance, expense and liability, to preclude multiple liability, and to give the adopting state the use of some considerable sums of money that otherwise would, in effect, become a windfall to the holders thereof."[10] Procedurally, such an act "is a means of providing custodial possession of property where the owner has not for a specified number of years exercised any control or possession of the same. It offers the owner an opportunity to reclaim the same at any time, with the credit of the state insuring his regaining the property upon satisfactory proof of ownership."[11] "The objectives of the act are to protect unknown owners by locating them and restoring their property to them and to give the state rather than the holders of unclaimed property the benefit of the use of it."[12]

In Georgia, as in the Uniform Act, the provisions of the DUPA are triggered when property is "presumed abandoned."[13] Under the DUPA, "[a]ll tangible and intangible property, including any income or increment thereon, less any lawful charges, that is held, issued, or owing in the ordinary course of the holder's business and has remained unclaimed by the owner for more than five years after it became payable or distributable is presumed abandoned."[14] The same five-year dormancy period applies to a gift certificate,[15] although, unlike other intangible property,[16] the DUPA expressly states that "the amount presumed abandoned is the price paid by the

---

[8] See *First Union Nat. Bank &c. v. Collins*, 221 Ga. App. 442, 444 (471 SE2d 892) (1996) (the DUPA represents legislature's enactment of the Uniform Unclaimed Property Act promulgated in 1981 by the National Conference of Commissioners on Uniform State Laws).

[9] OCGA § 44-12-191.

[10] (Citations and punctuation omitted.) *State v. Green*, 456 S2d 1309, 1312 (III) (Fla. Dist. Ct. App. 1984).

[11] *Boswell v. Citronelle-Mobile Gathering*, 292 Ala. 344, 350 (294 S2d 428) (1974).

[12] *Douglas Aircraft Co. v. Cranston*, 58 Cal.2d 462 (374 P2d 819) (1962). Accord *Louisiana Health Svc. &c. Co. v. Tarver*, 635 S2d 1090, 1092 (La. 1994).

[13] OCGA § 44-12-193.

[14] Id. The DUPA specifies differing dormancy periods for other categories of property, which are not at issue here.

[15] OCGA § 44-12-205 (a) provides: "A gift certificate or a credit memo issued in the ordinary course of an issuer's business which remains unclaimed by the owner for more than five years after becoming payable or distributable is presumed abandoned."

[16] Under the DUPA, "intangible property" includes: "Credit balances, customer overpayments, gift certificates, security deposits, refunds, credit memos, unpaid wages, and unidentified remittances." OCGA § 44-12-192 (10) (B). The term "gift card" does not appear in the DUPA.

purchaser for the gift certificate."[17] Intangible property is not considered unclaimed property unless the conditions leading to a presumption of abandonment have been satisfied.[18] The property holder is not obligated to remit the value of unclaimed property to the state revenue commissioner ("commissioner") until the property is "presumed abandoned."[19] Once the abandoned property has been delivered to the commissioner, "the state shall assume custody and shall be responsible for the safekeeping of the property."[20] The property holder is then relieved of all liability for any claim which may be made with respect to the property.[21] After the state has assumed custody of the property, any party claiming an interest in it may file a claim for its recovery with the commissioner.[22] The DUPA also contains an anti-limitations provision stating that the expiration of a statute of limitation or a contractual limitation period does not affect the duty of the property holder to pay or deliver abandoned property to the commissioner.[23] Finally, the DUPA's enforcement mechanism empowers the commissioner to sue property holders who fail to comply with its provisions.[24]

We first address Simon's argument that the DUPA does not apply to the cards and certificates at issue because they have not been abandoned. "In construing Georgia statutes, we apply the fundamental rules of statutory construction that require us to construe a statute according to its terms, [and] to give words their plain and ordinary meaning."[25] "Where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden."[26] As noted above, the intangible property which is the subject of the complaint, gift cards and gift certificates, is not "presumed abandoned" unless they have remained unclaimed by the owner for more than five years after they became payable.[27] Intangible property is not considered "subject to the custody of this state as

---

[17] OCGA § 44-12-205 (b).
[18] OCGA § 44-12-194.
[19] OCGA § 44-12-214 (a).
[20] OCGA § 44-12-216 (a).
[21] Id.
[22] OCGA § 44-12-220 (a).
[23] OCGA § 44-12-226.
[24] OCGA § 44-12-231 (a).
[25] (Citations and punctuation omitted.) *Metzger v. Americredit Financial Svcs.*, 273 Ga. App. 453, 454 (615 SE2d 120) (2005).
[26] *Six Flags Over Ga. II v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003).
[27] OCGA §§ 44-12-193 (all intangible property); 44-12-205 (gift certificates). See *Wilson v. Massachusetts Mut. Life Ins. Co.*, 135 N.M. 506, 513 (II) (C) (2) (b) (90 P3d 525) (2004) (property is presumed abandoned if it is unclaimed by the apparent owner for five years, otherwise unclaimed property act does not apply); *People ex rel. Callahan v. Marshall Field & Co.*, 83 Ill. App.3d 811, 814, 817 (I) (404 NE2d 368) (1980) (to be covered under unclaimed property act,

unclaimed property" unless the conditions leading to a presumption of abandonment have been satisfied.[28] Construing these provisions according to their plain and ordinary meaning, the DUPA does not apply to the property at issue unless it has remained unclaimed by the owner for more than five years after it became payable or distributable. Here, the record shows that the complaint was filed on December 8, 2004. It alleges that the cards and certificates were purchased on the following dates: May 25, 2001, December 2002, "late 2003 or early 2004," and 2002. As none of the cards or certificates had remained unclaimed by their respective owners for more than five years when the complaint was filed, the conditions leading to a presumption of abandonment had not been satisfied within the meaning of the DUPA. For this reason, the complaint fails to state a claim upon which relief may be granted.

*Judgment reversed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MARCH 16, 2006 —

*Alston & Bird, Rebecca M. Lamberth, John L. Coalson, Jr., Colin K. Kelly, Jay D. Bennett, Brock Clay, Charles C. Clay,* for appellants.
*Nations, Toman & McKnight, Gary J. Toman, John F. Salter, Jr., Roy E. Barnes,* for appellees.

---

property must be unclaimed by owner for specified period; property is not "abandoned" if owner has indicated an interest in it); *State ex rel. Mallicoat v. Coe,* 254 Ore. 365, 368-369 (460 P2d 357) (1969) (funds must remain unclaimed for specified period after they become payable or distributable in order to establish presumption of abandonment); *State of Arkansas v. Federated Dept. Stores,* 175 BR 924, 933 (IV) (S.D. Ohio 1992) ("States are not creditors with respect to property presumed abandoned post-petition because the Debtors do not have a legal obligation to turn the property over under the States' unclaimed property statutes until the dormancy period expires.").

[28] OCGA § 44-12-194 states: "Unless otherwise provided in this article or by any other provision of law, intangible property is subject to the custody of this state as unclaimed property if the conditions leading to a presumption of abandonment as described in Code Section 44-12-193 are satisfied."