S06G1286. BENSON et al. v. SIMON PROPERTY GROUP, INC. et al.

(642 SE2d 687)

CARLEY, Justice.

Simon Property Group, Inc. and Simon Property Group, L.P., hereinafter referred to collectively as Holder, sells gift certificates and electronic gift cards for use at shopping malls which it owns and manages. Beginning in the seventh month after the sale of each certificate and card, a dormancy fee of $2.50 per month is assessed. The certificates and cards expire approximately one year after issuance. Plaintiffs, hereinafter Owners, are recipients and purchasers of gift cards and certificates which were sold from 2001 to 2004. On December 8, 2004, they brought suit against Holder for damages resulting from the dormancy fees and expiration dates, alleging violations of the Disposition of Unclaimed Property Act (DUPA), OCGA § 44-12-190 et seq. The complaint has four counts which incorporate or repeat those alleged DUPA violations and which assert

claims of illegal contract, unconscionable contract, unjust enrichment, and breach of the duty of good faith and fair dealing. Pursuant to OCGA § 9-11-12 (b) (6), Holder filed a motion to dismiss for failure to state a claim upon which relief may be granted. The trial court denied the motion and granted a certificate of immediate review. On interlocutory appeal, the Court of Appeals reversed, concluding that the complaint fails to state any claim based on DUPA violations, as follows:

> Construing [its] provisions according to their plain and ordinary meaning, the DUPA does not apply to the property at issue unless it has remained unclaimed by the owner for more than five years after it became payable or distributable. . . . As none of the cards or certificates had remained unclaimed by their respective owners for more than five years when the complaint was filed, the conditions leading to a presumption of abandonment had not been satisfied within the meaning of the DUPA.

*Simon Property Group v. Benson*, 278 Ga. App. 277, 282 (628 SE2d 697) (2006). This Court granted certiorari to review that ruling. We hold that, although the holders of unclaimed property have certain procedural duties to locate and notify owners, the substantive provisions of the DUPA are inapplicable to Owners' claims.

The issue before this Court is not the fairness or even the legality of the dormancy fees or expiration dates. The contractual obligation created by a gift card or certificate is governed by the generally applicable contract law of this state. Violations of that law are, of course, subject to several potential remedies. The legislature may further define or increase the rights of purchasers and recipients of gift cards and certificates. Indeed, effective July 1, 2005, the General Assembly declared it unlawful under the Fair Business Practices Act to issue such a card or certificate without including its terms and conspicuously printing thereon any expiration date and the amount of any dormancy or nonuse fees. OCGA § 10-1-393 (b) (33). To the extent that Owners make claims which are independent of the DUPA, this action may still be viable. However, the sole question before us in this appeal is the applicability of the DUPA, and not any other statute or law of contracts.

The DUPA, which was modeled on the Uniform Unclaimed Property Act of 1981, "shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it." OCGA § 44-12-191. It "governs the disposition of property in the hands of a holder that has been unclaimed for a certain period by its true owner." 1 Ga. Jur., Property § 11:20 (Lawyers Coop. 1995).

Specifically, a gift certificate is presumed abandoned, and is thus subject to the custody of the State, if it remains unclaimed by the owner for more than five years. OCGA §§ 44-12-194, 44-12-205 (a).

The purpose of the DUPA is not to expand the substantive rights of owners. Instead, it protects the interests of owners by requiring both holders and the Commissioner of Revenue to take certain steps to locate owners and reunite them with their property. OCGA §§ 44-12-214, 44-12-215; *Simon Property Group v. Benson*, supra at 280; *Screen Actors Guild v. Cory*, 154 Cal. Rptr. 77, 80 (Cal. App. 1979); Mayo, *Virginia's Acquisition of Unclaimed and Abandoned Personal Property*, 27 Wm. & Mary L. Rev. 409, 419 (1986). Furthermore, the act prevents any statutory or contractual period of limitations from running on the State's claim against a holder. OCGA § 44-12-226; Mayo, supra. The DUPA is also designed to relieve holders " 'from annoyance, expense and liability, to preclude multiple liability, and to give the . . . state the use of some considerable sums of money that otherwise would, in effect, become a windfall to the holders thereof.' [Cit.]" *Simon Property Group v. Benson*, supra. See also *Screen Actors Guild v. Cory*, supra; Mayo, supra.

Owners' complaint alleges that the expiration dates and dormancy fees violate OCGA §§ 44-12-205 and 44-12-226. Under the latter section, the expiration of statutory or contractual periods of limitation neither precludes the presumption of abandonment nor affects the holder's duties as imposed by the DUPA.

> The expiration, before or after July 1, 1990, of any period of time specified by contract, statute, or court order during which a claim for money or property can be made or during which an action or proceeding may be commenced or enforced to obtain payment of a claim for money or to recover property, does not prevent the money or property from being presumed abandoned nor affect any duty to file a report or to pay or deliver abandoned property to the commissioner as required by this article.

OCGA § 44-12-226. Prior to the inclusion of this section in revisions of the Uniform Act, some courts had held that, if the owner's remedy is barred by the statute of limitations, then the state, whose right to take custody of unclaimed property is generally derivative, is likewise barred from recovery. *State v. Puget Sound Power & Light Co.*, 694 P2d 7, 10 (II) (Wash. 1985); 1 Epstein, Unclaimed Property Law and Reporting Forms § 3.02 (2002). However, the uniform provision in OCGA § 44-12-226 was enacted to ensure that the holder is not relieved of his obligation to deliver abandoned property to the Commissioner, even though the owner's claim for possession against the

holder may be barred by the statute of limitations. Unif. Unclaimed Prop. Act § 29 cmt. (1981); *Louisiana Health Service and Indemnity Co. v. Tarver*, 635 S2d 1090, 1096 (La. 1994). See also 1 Epstein, supra at § 3.03 [2]; *State v. Puget Sound Power & Light Co.*, supra.

> "[I]n a semantic sense, . . . the state's rights derive from the owners. Thus it would be accurate to say, for example, that the state's claim would not exist were it not for the owners' claim. But that is not to say that the two claims are identical. While they arise from the same source, they are not, in all respects, the same. The owners' rights are based on the contractual obligation . . . ; however the state's right . . . is based upon the statute." [Cit.] . . . [T]he owner's claim may be directly extinguished by the statute of limitations but "because of the suspensions provision[ ] of the [uniform act], it does not extinguish the state's rights." [Cit.]

1 Epstein, supra at § 3.02. Thus, OCGA § 44-12-226 is not activated until it is time for the state to take custody of the property and, until the holder turns over the funds to the state, the relationship between the owner and the holder, respectively, "remains that of creditor and debtor and the ordinary statute of limitations applies. It is only when the funds escheat to the state that the bar of the statute of limitations is removed. [Cit.]" *Han v. Standard Chartered Bank*, 2002 WL 1586883 (I) (S.D. N.Y. 2002).

In the 1981 revision of the Uniform Unclaimed Property Act, the language of the anti-limitations provision was expanded, consistent with case law forbidding "private escheat," expressly to include the expiration of time periods specified in the contract between the owner and the holder. Unif. Unclaimed Prop. Act § 29 cmt. (1981); 1 Epstein, supra at §§ 3.14, 12.29 [2]. "[I]t would be beyond a reasonable requirement to compel the state to comply with conditions that may be quite proper as between the contracting parties." *People v. Marshall Field & Co.*, 404 NE2d 368, 373 (II) (Ill. App. 1980). Accordingly, we conclude that it is inconsistent with both the purpose and the express language of OCGA § 44-12-226 to construe it either as repealing statutes of limitations or as invalidating contractual expiration dates which are applicable as between the owner and the holder. In fact, this uniform provision has never been so construed in any jurisdiction. Such a construction would constitute a drastic change in the law of contracts and limitations in this state, which clearly was not intended by the enactment of the DUPA.

As for OCGA § 44-12-205, Owners rely on subsection (b), which provides that, "[i]n the case of a gift certificate, the amount presumed abandoned is the price paid by the purchaser for the gift certificate."

In light of the purpose of this statute to utilize unclaimed gift certificates for the benefit of all the people of the state, its meaning is simply that an amount equal to the price paid for an unclaimed gift certificate must be paid to the state after five years, regardless of whether the certificate previously expired or otherwise lost value pursuant to contractual terms. *Kimberly's A Day Spa v. Hevesi*, 810 NYS2d 616, 618 (Sup. Ct. 2006).

The very subsections of the DUPA on which Owners rely, OCGA §§ 44-12-205 and 44-12-226, illustrate that the act does not affect the substantive rights of any party until the conditions leading to a presumption of abandonment are satisfied. OCGA § 44-12-194. See also *Simon Property Group v. Benson*, supra at 281-282. Even then, the DUPA only affects the right of custody as between the holder and the State. As already noted, the Act does place on holders and on the Commissioner certain duties to locate owners and communicate with them regarding the unclaimed property. OCGA §§ 44-12-214, 44-12-215. The owner is permitted to make a claim for the property at any time either before or after it is presumed abandoned, regardless of whether custody of the property has passed to the state. OCGA §§ 44-12-193, 44-12-205, 44-12-220. Whenever the owner asserts a claim, the applicability of any statutory or contractual periods of limitation, and the legality of any expiration dates or service charges, can then be determined. However, the DUPA does not supply the substantive principles of law necessary in making those determinations.

Accordingly, we affirm the judgment of the Court of Appeals, with direction that the case be remanded to the trial court for proceedings consistent with this opinion.

*Judgment affirmed and case remanded with direction. Sears, C. J., Hunstein, P. J., Benham, Thompson, Melton, JJ., and Judge Thomas R. Campbell, Jr., concur. Hines, J., not participating.*

DECIDED MARCH 19, 2007.

*John F. Salter, Jr., Roy E. Barnes, Nations, Toman & McKnight, Gary J. Toman*, for appellants.

*Alston & Bird, Rebecca M. Lamberth, John L. Coalson, Jr., Collin K. Kelly, Jay D. Bennett, Ethan D. Miller, Brock & Clay, Charles C. Clay*, for appellees.